UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
POLSKA FUNDACJA NARODOWA,  :
                         Petitioner,  :
                                         :    22 Civ. 5725 (LGS)
            -against-  :
                                         :        ORDER
ATHLETE BENEFITS GROUP, LLC, and  :
LAMAR D. WILLIAMS,  :
                         Respondents.  :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, on December 9, 2022, Petitioner filed a motion to redact the following five documents: the petition to confirm the arbitration award (the "Petition"), Petitioner's memorandum of law in support of the Petition and the three exhibits to the Petition, which include the final arbitration award, addendum to the final arbitration award and the Appearance Engagement, which is the parties' underlying contract. Dkt. No. 23. Neither Respondents nor any third party took a position on Petitioner's redaction motion.

       WHEREAS, a three-part inquiry determines whether to seal a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119 (internal quotation marks omitted). The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* (internal quotation marks omitted). The

third step is to balance against the presumption any "competing considerations" such as "the danger of impairing law enforcement or judicial efficiency" and "the privacy interests of those resisting disclosure." *Id.* at 120 (internal quotation marks omitted).  In weighing the presumption against competing considerations, a court must consider the "qualified First Amendment right of access" and can seal documents based on this right only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (internal quotation marks omitted).

WHEREAS, the party moving to place documents under seal "bears the burden of showing that higher values overcome the presumption of public access." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017).  Examples of "higher values" include protecting the attorney-client privilege, *see Lugosch*, 435 F.3d at 125, the privacy of innocent third parties, *see United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995), and the confidentiality of sensitive commercial information, *see Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, No. 15 Civ. 211, 2021 WL 1541385, at *3 (S.D.N.Y. Apr. 20, 2021).

WHEREAS, the Petition, its exhibits and the memorandum of law in support of the Petition are judicial documents.  *See Union Square Ltd. v. Mr. Bar-B-Q Prods. LLC*, No. 21 Civ. 11032, 2022 WL 252080, at *4 (S.D.N.Y. Jan. 27, 2022) ("The law is clear that the petition, memoranda, and other supporting documents filed in connection with a petition to confirm an arbitration award (including the Final Award itself) are judicial documents that directly affect the Court's adjudication of that petition." (internal quotation marks omitted) (collecting cases)).  The documents are "relevant to the performance of the judicial function and useful in the judicial process."  *See Lugosch*, 435 F.3d at 119 (internal quotation marks omitted).  Like a complaint, a petition to confirm an arbitration award "initiates judicial proceedings" and access to it is

"almost always necessary if the public is to understand a court's decision." *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139-40 (2d Cir. 2016) (internal quotation marks omitted). The presumption of public access is particularly strong for these documents. *See id.* at 142 ("[W]e easily determine that the weight of the presumption here is strong. Pleadings . . . are highly relevant to the exercise of Article III judicial power.").

WHEREAS, one consideration that may override the presumption of public access is the privacy of innocent third parties. *Amodeo*, 71 F.3d at 1050 ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." (internal quotation marks omitted)). Petitioner proposes redacting the names and work contact information of individuals who are not "innocent third parties," such as the identities of the attorneys who represented Petitioner in the arbitration proceeding. *See id.* at 1050. Petitioner has not identified any harm of disclosure of their information. Nor has Petitioner provided a basis to weigh the privacy interest more heavily than the public interest under U.S. law. The identities of Mr. Williams' celebrity client and Petitioner's representatives who signed the appearance engagement agreement -- and communicated with Mr. Williams -- are relevant to the issues in this case. Mr. Williams held himself out as an agent of his celebrity client, and the arbitrator based her decision in part on testimony by one of Petitioner's representatives. In addition, the addresses of Petitioner and Respondents are already in the public domain, as are Petitioner's Polish National Court Register and VAT registration numbers. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004) ("[H]owever confidential [information] may have been beforehand, subsequent to publication it was confidential no longer . . . . We simply do not have the power, even were we of the mind to use it if we had, to make what has thus become public private again. The genie is out of the bottle . . . ."); *United States v. Koretskyy*, No. 12 Crim. 439, 2021 WL

3

2156259, at *2 (S.D.N.Y. May 27, 2021).

WHEREAS, another consideration that may override the presumption of public access is the confidentiality of sensitive commercial information.  *Syntel*, 2021 WL 1541385, at *3.  Petitioner has not explained why the monetary amounts in the agreement or the amount in dispute is commercially sensitive.  The presumption of public access is rebuttable only with "specific, on the record findings . . . that closure is essential to preserve higher values."  *Lugosch*, 435 F.3d at 120 (internal quotation marks omitted).  Petitioner has not offered a sufficient factual basis to make these findings.  It is hereby

**ORDERED** that Petitioner's motion to redact is **DENIED** without prejudice to renewal.  All documents currently filed under seal shall remain under seal at this time.  By April 28, 2023, Petitioner shall file a renewed motion or shall file unredacted versions of the documents at issue on the public docket.  If Petitioner files a renewed motion, it shall comply with the Court's Individual Rule I.D.3 ("[T]he filing party shall . . . electronically file under seal a copy of the unredacted document with the proposed redactions highlighted.").

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 23.

Dated: April 21, 2023
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**